

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

## UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

Roland McInTosh )
)
5056 NOrTh Marine Dr C4 )
)
Chicago Illinois 60640 )
(Name of the plaintiff or plaintiffs) )
)
v. )
)
Uber Technologies Inc )
)
300 NOrTh Elizabeth ST )
)
Chicago Illinois 60607 )
(Name of the defendant or defendants) )

17CV3273
JUDGE ELLIS
MAG. JUDGE SCHENKIER

CIVIL ACTION

NO._____

RECEIVED
5-1-17
MAY 01 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is Roland McinTosh of the county of COOK in the state of Illinois.

3. The defendant is Uber Technologies Inc, whose street address is 300 NOrTh Elizabeth STreeT, (city) Chicago (county) COOK (state) Illinois (ZIP) 60607 (Defendant's telephone number) (773) 309 4286

4. The plaintiff sought employment or was employed by the defendant at (street address) 300 N. Elizabeth (city) Chicago (county) COOK (state) Illinois (ZIP code) 60607

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5.   The plaintiff [*check one box*]

(a) ☐   was denied employment by the defendant.

(b) ☐   was hired and is still employed by the defendant.

(c) ☒   was employed but is no longer employed by the defendant.

6.   The defendant discriminated against the plaintiff on or about, or beginning on or about,

(month) December (day) 17 , (year) 2015 .

7.1   *(Choose paragraph 7.1 or 7.2, do not complete both.)*

(a) The defendant is not a federal governmental agency, and the plaintiff  [*check*

*one box*]  ☐ *has not*      filed a charge or charges against the defendant
           ☒ *has*

asserting the acts of discrimination indicated in this complaint with any of the following

government agencies:

(i)   ☐   the United States Equal Employment Opportunity Commission, on or about

(month)_____ (day)_____ (year)_____.

(ii)   ☒   the Illinois Department of Human Rights, on or about

(month) January (day) 4 (year) 2016 .

(b) If charges *were* filed with an agency indicated above, a copy of the charge is

attached.   ☒ YES.   ☐ NO, **but plaintiff will file a copy of the charge within 14 days**.

It is the policy of both the Equal Employment Opportunity Commission and the Illinois

Department of Human Rights to cross-file with the other agency all charges received.  The

plaintiff has no reason  to believe that this policy was not followed in this case.

7.2   The defendant is a federal governmental agency, and

(a) the plaintiff previously filed a Complaint of Employment Discrimination with the

defendant asserting the acts of discrimination indicated in this court complaint.

2

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

      ☒      Yes (month) January (day) 4 (year) 2016

      ☐      No, did not file Complaint of Employment Discrimination

(b)    The plaintiff received a Final Agency Decision on (month) February (day) 9 (year) 2017 .

(c)    Attached is a copy of the

    (i) Complaint of Employment Discrimination,

    ☒ YES    ☐ NO, but a copy will be filed within 14 days.

    (ii) Final Agency Decision

    ☒ YES    ☐ NO, but a copy will be filed within 14 days.

8.    *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

    (a) ☐    the United States Equal Employment Opportunity Commission has not issued

    a *Notice of Right to Sue.*

    (b) ☒    the United States Equal Employment Opportunity Commission has issued a

    *Notice of Right to Sue*, which was received by the plaintiff on

    (month) February (day) 9 (year) 2017 a copy of which

    *Notice* is attached to this complaint.

9.    The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

    (a) ☒  Age (Age Discrimination Employment Act).

    (b) ☐  Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☒ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☐ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☐ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☐ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]

(a) ☐ failed to hire the plaintiff.

(b) ☒ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☐ failed to stop harassment;

(g) ☐ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify):_____

_____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

13.    The facts supporting the plaintiff's claim of discrimination are as follows:

I am an individual with a disability as defined by The Illinois Human Rights Act The Respondent was aware of My disability when I was hired My work Performance Meet The Respondents Expectations I was hired on december _ 2015 and was Discharged on december 17 2015 The reason given I Did NOT meet The Respondents Expectations.

14.    **[AGE DISCRIMINATION ONLY]** Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15.    The plaintiff demands that the case be tried by a jury. ☒ YES    ☐ NO

16.    THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [**check only those that apply**]

(a) ☐    Direct the defendant to hire the plaintiff.

(b) ☐    Direct the defendant to re-employ the plaintiff.

(c) ☐    Direct the defendant to promote the plaintiff.

(d) ☐    Direct the defendant to reasonably accommodate the plaintiff's religion.

(e) ☒    Direct the defendant to reasonably accommodate the plaintiff's disabilities.

(f) ☒    Direct the defendant to (specify): Compensate The Plaintiff The amount of one hundred

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Millions NOT Less Than 30 Million in PuniTive Damages And all other costs.

(g) ☒ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☐ Grant such other relief as the Court may find appropriate.

(Plaintiff's signature)

Roland McIntosh

(Plaintiff's name)

Roland McInTosh

(Plaintiff's street address)

5056 NOrth Marine DHiVe C4

(City) Chicggo (State) Illinois (ZIP) 60640
(Plaintiff's telephone number) (312)-656 7944

Date: MAY 1 2017

6

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Roland McIntosh<br>5056 N. Marine Drive Apt. C4<br>Chicago, IL 60640 | From: | Chicago District Office<br>500 West Madison St<br>Suite 2000<br>Chicago, IL 60661 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2016-00523 | **Daniel Lim,**<br>**State & Local Coordinator** | **(312) 869-8082** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[X] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/ht*

**Julianne Bowman,**
**District Director**

February 9, 2017

*(Date Mailed)*

Enclosures(s)

cc:

**UBER TECHNOLOGIES, INC.**
**c/o Amy D. Rettberg, Esq.**
**Littler Mendelson, PC**
**321 N. Clark Street, Suite 1000**
**Chicago, IL 60654**



Charge Number: 2016CA1430
Complainant: Roland McIntosh
Page 2 of 2

3. On December 17, 2015, I was discharged. The reason given was I did not meet Respondent's ratings.

4. Similarly situated employees under the age of 40 or significantly younger than myself whose job performance was comparable to mine were not discharged.

II.    A.    **ISSUE/BASIS**
DISCHARGE – DECEMBER 17, 2015, BECAUSE OF MY DISABILITY, HEART DISORDER

       B.    **PRIMA FACIE ALLEGATIONS**
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My work performance met Respondent's expectations. I was hired on December 5, 2015.

4. On December 17, 2015, I was discharged. The reason given was I did not meet Respondent's ratings.

5. My disability is unrelated to my ability to perform the essential functions of my job with or without an accommodation.

III.    A.    **ISSUE/BASIS**
DISCHARGE – DECEMBER 17, 2015, BECAUSE OF MY DISABILITY, DEGENERATIVE DISC OF CERVICAL SPINE

       B.    **PRIMA FACIE ALLEGATIONS**
1. I am an individual with a disability as defined by the Illinois Human Rights Act.

2. Respondent was aware of my disability.

3. My work performance met Respondent's expectations. I was hired on December 5, 2015.

4. On December 17, 2015, I was discharged. The reason given was I did not meet Respondent's ratings.

5. My disability is unrelated to my ability to perform the essential functions of my job with or without an accommodation.

MFP/TFR/mfp

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.<br>#16W0104.04 | AGENCY<br>☒ IDHR<br><br>☐ EEOC | CHARGE NUMBER<br><br>2016CA1430 |
|---|---|---|

### Illinois Department of Human Rights and EEOC

| NAME OF COMPLAINANT (indicate Mr. Ms. Mrs.)<br><br>Mr. Roland McIntosh | TELEPHONE NUMBER (include area code)<br><br>(312 ) 646-7944 | |
|---|---|---|
| STREET ADDRESS<br><br>5056 North Marine Drive , Apt. C4 | CITY, STATE AND ZIP CODE<br><br>Chicago, Illinois 60640 | DATE OF BIRTH<br>2/8/ 54<br>M D YEAR |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (IF MORE THAN ONE LIST BELOW)

| NAME OF RESPONDENT<br><br>Uber Technologies, Inc. | NUMBER OF EMPLOYEES, MEMBERS<br>15+ | TELEPHONE NUMBER (include area code)<br><br>(773 ) 309-4286 |
|---|---|---|
| STREET ADDRESS<br><br>300 N. Elizabeth Street | CITY, STATE AND ZIP CODE<br><br>Chicago, Illinois 60607 | COUNTY<br><br>Cook |

| CAUSE OF DISCRIMINATION BASED ON:<br><br>   Age      Disability | DATE OF DISCRIMINATION<br>EARLIEST (ADEA/EPA)  LATEST (ALL)<br><br>12 /17 /15     12/17/15<br>☐ CONTINUING ACTION |
|---|---|

THE PARTICULARS OF THE CHARGE ARE AS FOLLOWS:

I.  A.  ISSUE/BASIS
      DISCHARGE – DECEMBER 17, 2015, BECAUSE OF MY AGE, 61

   B.  PRIMA FACIE ALLEGATIONS
      1.  My age was 61 at the time of the alleged violation.

      2.  My work performance met Respondent's expectations.  I was hired on December 5, 2015.

Page 1 of 2

| I also want this charge filed with the EEOC.  I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | SUBSCRIBED AND SWORN TO BEFORE ME<br><br>THIS 4H DAY OF January , 2016<br><br>_____<br>NOTARY SIGNATURE |
|---|---|
| OFFICIAL SEAL<br>RAQUEL C GUERRA<br>NOTARY PUBLIC - STATE OF ILLINOIS<br>MY COMMISSION EXPIRES:05/17/16<br><br>NOTARY STAMP | X _Roland McIntosh_          01-04-2016<br>SIGNATURE OF COMPLAINANT          DATE<br><br>I declare under penalty that the foregoing is true and correct I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. |

EEO-5 FORM (Rev. 7/12-INT)

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**
**INVESTIGATION REPORT**

**Complainant:** Roland McIntosh    **IDHR No.:** 2016CA1430
**Respondent:** Uber Technologies, Inc.    **EEOC No.:** 21BA60523

**Investigator:** AP1    **Supervisor:** *PRW*    **Date:** *8/4/16*

**Issue/Basis:**                              **Finding:**
A.  Discharge/age, 61                       A.  Lack of jurisdiction
B.  Discharge/disability, heart disorder    B.  Lack of jurisdiction
C.  Discharge/disability, degenerative disc C.  Lack of jurisdiction
    of cervical spine

**Jurisdiction:**

Alleged violation:                          A.  December 17, 2015
                                            B.  December 17, 2015
                                            C.  December 17, 2015

Charge filed:                               January 4, 2016
Charge perfected:                           January 4, 2016
Amendments:                                 N/A
Number of employees:                        N/A

**Verified Response:**

Due:       March 25, 2016
Received:  March 23, 2016
Timely:  _x_ Untimely: ___               **Group Exhibit A**
If untimely, good cause shown:  Yes ___ No ___

**Findings:**

Complainant filed the instant charge on January 4, 2016, alleging that on December 17, 2015, he was discharged by Respondent due to his age, 61. Complainant alleges that his work performance met Respondent's expectations, and that he was hired on December 5, 2015. Complainant alleges that on December 17, 2015, he was discharged, and the reason given for the discharge was that Complainant did not meet Respondent's ratings. Complainant alleges that similarly situated employees under the age of 40, or significantly younger than Complainant, whose job performance was comparable to Complainant's, were not discharged.

Complainant filed the instant charge on January 4, 2016, alleging that on December 17, 2015, he was discharged by Respondent due to his disabilities, heart disorder and degenerative disc of cervical spine. Complainant alleges that he is an individual with a disability as defined by the Illinois Human Rights Act, and that Respondent was aware of Complainant's disabilities.

Charge No. 2016CA1430
Page 2 of 3

Complainant alleges that his work performance met Respondent's expectations, and that he was hired on December 5, 2015. Complainant alleges that on December 17, 2015, he was discharged, and the reason given for the discharge was that Complainant did not meet Respondent's ratings. Complainant alleges that his disabilities are unrelated to his ability to perform the essential functions of the job with or without a reasonable accommodation.

Respondent contends that Complainant was not an employee, but an independent contractor. Respondent contends that Respondent is a technology company that connects riders and transportation providers through the "Rasier software" application. **Exhibit B** is the Rasier Technology Services Agreement, which states "The relationship between the parties under this Agreement is solely that of independent contracting parties. The parties expressly agree that: (a) this Agreement is not an employment agreement, nor does it create an employment relationship, between Company (Respondent) and you; and (b) no joint venture, partnership, or agency relationship exists between Company and you." **Group Exhibit C** is Complainant's Profile, including Complainant's Driver ID, which shows Complainant electronically accepted the Rasier Technology Services Agreement on December 10, 2015.

Respondent contends that Complainant's work was independent in nature, in that Complainant was not required to work certain hours and could set his owns schedule. **Exhibit B** is the Rasier Technology Services Agreement, which states "You retain the sole right to determine when, where, and for how long you will utilize the Driver App or the Uber Services. You retain the option, via the Driver App, to attempt to accept or to decline or ignore a User's request for Transportation Services via the Uber Services, or to cancel an accepted request for Transportation Services via the Driver App."

Respondent contends that Complainant was not required to report to anyone from Respondent, nor was Complainant supervised by any individual from Respondent. **Exhibit B** is the Rasier Technology Services Agreement, which states that "Company shall have no right to require you to: (a) display Company's or any of its Affiliates' names, logos or colors on your Vehicle(s); or (b) wear a uniform or any other clothing displaying Company's or any of its Affiliate's names, logos or colors," and "you shall be solely responsible for determining the most effective, efficient and safe manner to perform each instance of Transportation Services," and that "Company does not, and shall not be deemed to, direct or control you generally or in your performance under this Agreement specifically, including in connection with your provision of Transportation Services, your acts or omissions, or your operation and maintenance of your Vehicle."

Respondent contends that Complainant was required to drive his own car, and was responsible for gas, maintenance and insurance of his car. **Exhibit B** is the Rasier Technology Services Agreement, which states "You shall provide all necessary equipment, tools and other materials, at your own expense, necessary to perform Transportation Services," and that "You acknowledge and agree that your Vehicle shall at all times be: (a) properly registered and licensed to operate as a passenger transportation vehicle in the Territory; (b) owned or leased by you, or otherwise in your lawful possession; (c) suitable for performing the passenger transportation services contemplated by this Agreement; and (d) maintained in good operating condition, consistent with industry safety and maintenance standards for a Vehicle of its kind and any additional standards

Charge No. 2016CA1430
Page 3 of 3

or requirements in the applicable Territory, and in a clean and sanitary condition," and that "You agree to maintain during the term of this Agreement on all Vehicles operated by you under this Agreement automobile liability insurance that provides protection against bodily injury and property damage to third parties at levels of coverage that satisfy the minimum requirements to operate a private passenger vehicle on the public roads within the Territory."

Respondent contends that Complainant was paid by the job, per ride provided, and not hourly. **Exhibit B** is the Rasier Technology Services Agreement, which states that "In consideration of Company's provision of the Driver App and the Uber Services for your use and benefit hereunder, you agree to pay Company a service fee on a per Transportation Services transaction basis calculated as a percentage of the Fare determined by the Fare Calculation," and that "Company agrees to remit, or cause to be remitted, to you on at least a weekly basis."

Respondent contends that Respondent did not pay social security, taxes or retirement benefits for Complainant. **Exhibit B** is the Rasier Technology Services Agreement, which states that "You further acknowledge and agree that you are responsible for taxes on your own income arising from the performance of Transportation Services."

Respondent contends that Complainant was able to do similar work for others while driving for Respondent. **Exhibit B** is the Rasier Technology Services Agreement, which states that "You acknowledge and agree that you have complete discretion to provide services or otherwise engage in other business or employment activities. For the sake of clarity, you understand that you retain the complete right to; (i) use other software application services in addition to the Uber Services; and (ii) engage in any other occupation or business."

Complainant concedes that he used his own car, own gas and provided maintenance and insurance for his car. Complainant concedes that he used his own phone and used Respondent's "Uber Driver Application" on his own phone. Complainant concedes that he was able to sign on to Respondent's telephone application whenever he wanted, and was able to work his own hours. Complainant concedes that he did not have a direct supervisor or anyone to report to on a daily basis.

Complainant concedes that he received a direct deposit for his fares. Complainant concedes that Respondent did not take out taxes from his fares. Complainant concedes that Respondent did not prohibit him from working for other companies that provide similar services.

Section 2-101(A)(1)(a) of the Illinois Human Rights Act defines an employee as individual who performs services for remuneration within the State for an employer. The evidence shows that Complainant was an independent contractor and not an employee; therefore, a finding of Lack of Jurisdiction is recommended for the Department.

A finding of lack of jurisdiction is also recommended for the Equal Employment Opportunity Commission for the same reasons.

#13

10/08